1  Michael Reiter (State Bar No. 197768)
2  MILLIGAN, BESWICK, LEVINE & KNOX, LLP
   1447 Ford St. #201
3  Redlands, CA 92374
4  (909) 798-3300
   mreiter@mblklaw.org
5

6

7  Attorney for Plaintiff, Robert Roman

8
                    UNITED STATES DISTRICT COURT
9
10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  ROBERT ROMAN,                           Case No.:

13              Plaintiff,                   COMPLAINT FOR DAMAGES
                                     )       FALSE ARREST (42 U.S.C.
14      v.                           )       SECTION 1983) FALSE
                                     )       ARREST/IMPRISONMENT
15  COUNTY OF SAN BERNARDINO,        )       ILLEGAL SEARCH (42 U.S.C.
16  ART BANDARI, DAVID               )       SECTION 1983) EXCESSIVE
    CARPENTER, ASIAH MEDAWAR,        )       FORCE (42 U.S.C. SECTION 1983);
17  VICTOR RUIZ, FELIX ARREOLA,      )       BATTERY
    MICHAEL NEHLS, JOSHUA            )
18  CONLEY, UNKNOWN FEMALE           )       DEMAND FOR JURY TRIAL
    OFFICER AND DOES 1-10            )
19                                   )
20              Defendants.          )
                                     )
21  _____ )

22  Plaintiff, Robert Roman, alleges as follows:

23      1.      This is a civil rights action brought under 42 U.S.C. § 1983 and

24
    California law against Defendant County of San Bernardino and its employees
25
26  individually (the "individual Defendants") because of unlawful seizure of Plaintiff's

27  person (false arrest), excessive force upon Plaintiff, illegal search of Plaintiff's

28
                                        1

premises/violation of due process, and other unlawful acts.

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, and arises under 42 U.S.C. § 1983. Jurisdiction for the supplemental claim is conferred by 28 U.S.C. § 1367.  Plaintiff complied with the California Government Claims Act (also known as the Tort Claims Act), California Government Code § 900 *et seq*. in reference to the supplemental claim.

3.      Each claim arises out of an incident where Plaintiff's right to be free from unlawful search and seizure and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution were violated.

4.      Plaintiff is, and at all times mentioned in this Complaint, a citizen of the United States of America.  Plaintiff is a citizen of California domiciled in San Bernardino County, California.

5.      Plaintiff is the victim of Defendant, County of San Bernardino and its employees, Defendants, Art Bandari, David Carpenter, Asiah Medawar, Victor Ruiz, Felix Arreola, Michael Nehls, Joshua Conley, an unknown female officer, including the Defendants sued fictitiously as Does 1 through 10, (collectively "the individual Defendants"), who acted under color of law and within the scope of their authority.

6.      Each of the individual Defendants, at all times mentioned in this Complaint, were acting in the scope and course of their employment by Defendant County of San Bernardino.

7.     Each of the individual Defendants, at all times mentioned in this Complaint, is sued in their individual capacity. On information and belief, each of the individual Defendants is a resident of California.

8.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and the female officer present at the incident, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by their conduct.

9.     At all times herein mentioned Defendant County of San Bernardino is a county within the State of California. On information and belief, Plaintiff contends Defendant County of San Bernardino acted as the employer of the individual Defendants.

10.     This Complaint arises out of the arrest, detention, and illegal search of the home of Plaintiff, Robert Roman (hereinafter "Plaintiff") on the morning of December 12, 2017.

11.     At about 11:00 a.m. on December 12, 2017, Plaintiff was pulling up to his home at 14404 Tawney Ridge Lane, Victorville, California.  Plaintiff saw a marked San Bernardino County Sheriff's vehicle (a white SUV) parked about 1/8 of a mile

3

across the street. The deputies drove up to the front of Plaintiff's vehicle and motioned for Plaintiff to exit Plaintiff's vehicle. It is believed that these two deputies were Art Bandari and David Carpenter.

12.     As Plaintiff approached the deputies, the deputies asked if he was Robert Roman.  Plaintiff replied yes. The deputies told him that he, Robert Roman, had a warrant out for his arrest (which was untrue). Plaintiff asked what the charges were for, and the deputies then asked where Plaintiff's identification was, and Plaintiff said that it was in his vehicle. The shorter of the two deputies told Plaintiff to put his hands behind his back and handcuffed Plaintiff and put him in the back seat of their patrol unit. Plaintiff told the deputy to take it easy as Plaintiff had detached tendons in both of his wrists. Plaintiff was in pain the whole time because of his detached tendons in both his wrists because he was handcuffed.

13.     The larger of the deputies removed Plaintiff's car keys and wallet from Plaintiff's vehicle. Plaintiff was asked if he owned an AR-15 rifle and Plaintiff said "No!"  Plaintiff told them that he owned three weapons, a Ruger N-14, a Remington 870 Shotgun, a Colt Combat Commander and that all are registered to Plaintiff.

14.     The officers/deputies went into Plaintiff's home without Plaintiff's permission, without a warrant or exigent circumstances, in violation of Plaintiff's constitutional rights.

15.     Other deputies that arrived at the scene and may have been responsible for

4

a violation of Robert Roman's rights include Deputies Asiah Medawar, Victor Ruiz, Felix Arreola, Michael Nehls, and Joshua Conley, and DOES 1-10. About that time, a total of eight deputies, including a female, all with guns drawn, were in Plaintiff's house.

16.     At that point, Plaintiff was escorted into his house while he was cuffed, and was interrogated without an advisement of rights and they continued to interrogate Plaintiff about an AR-15 rifle. Plaintiff answered "no" once more. At that point, the deputies took him back to the patrol unit and uncuffed him. The deputy that uncuffed Plaintiff was putting his name plate back on his uniform again.

17.     Plaintiff asked to see the warrant and the nature of charges, which he was never told, because there was no arrest warrant nor search warrant for Plaintiff or the premises.

18.     There was also an air unit hovering that followed Plaintiff to his wife's place of work approximately 3.2 miles away. Plaintiff called his wife outside to witness the helicopter circling over her work and two Sheriff's patrol units were watching Plaintiff from across a fence. Plaintiff's wife also witnessed them.

19.     While still at Plaintiff's residence, the larger of the deputies asked Plaintiff if he knew a Rodney Romano. Plaintiff replied that he did and that Rodney Romano was his brother, and he asked what did he do?  he deputies would only tell Plaintiff to tell Rodney Romano to turn himself in at Sheriff's headquarters to Deputy

Guile at the Central Station in San Bernardino.

## FIRST CAUSE OF ACTION
### FOR VIOLATION OF 42 U.S.C. SECTION 1983 –FALSE ARREST
(Against Defendants Art Bandari and David Carpenter, DOES 1-10)

20.    Plaintiff incorporates paragraphs 1 through 19, into this cause of action, as if fully set forth.

21.    The Defendants Art Bandari and David Carpenter and DOES 1-10 were acting under the color of California law in that they were uniformed, on-duty peace officers. In acting as alleged above in this Complaint, the individual Defendants violated Plaintiff's right to be free from false arrest under the Fourth and Fourteenth Amendments of the United States Constitution by arresting Plaintiff, though they lacked probable cause and a reasonable belief that Plaintiff had committed a crime.

22.    The individual Defendants' conduct was not objectively reasonable because the Plaintiff was not acting in a suspicious manner by approaching his home in his vehicle. Further, the officers had no warrant to search Plaintiff's person nor his home or vehicle.

23.    As a direct and proximate result of Defendants' actions, described in this Complaint, Plaintiff has suffered injury, loss and damage, including loss of liberty, invasion of privacy, emotional distress, and other economic and non-economic damages.

24.    In acting as alleged in this Complaint, the individual Defendants acted

6

knowingly, willingly and maliciously, and with reckless and callous disregard for Plaintiff's federally-protected rights, because they arrested him without probable cause, battered him, and searched his person, vehicle and home without a warrant or probable cause.

### SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT
(Against Defendants, Art Bandari, David Carpenter, County of San Bernardino, DOES 1-10)

25.    Plaintiff incorporates paragraphs 1 through 24, into this cause of action, as if fully set forth.

26.    Defendant Art Bandari, David Carpenter and other DOES 1-10 unlawfully violated the Plaintiff's personal liberty by confining him without lawful privilege and without probable cause as described above. Plaintiff's arrest was made even though there was no probable cause to do so. The individual Defendants are liable for false arrest/imprisonment pursuant to California Government Code Sections 820(a) and 820.4.

27.    Defendant County of San Bernardino is liable for the acts of its employees for false imprisonment pursuant to California Government Code Section 815.2(a).

### THIRD CAUSE OF ACTION FOR ILLEGAL SEARCH (42 U.S.C. section 1983)
(Against Individual Defendants, Does 1-10, inclusive)

29.    Plaintiff incorporates paragraphs 1 through 27, into this cause of action, as if fully set forth.

7

30.     Defendants Art Bandari, David Carpenter, Asiah Medawar, Victor Ruiz, Felix Arreola, Michael Nehls, Joshua Conley, an unknown female officer, DOES 1-10 and other individual Defendants were acting under color of authority when they unlawfully violated the Plaintiff's right to be free from illegal search of his person, house, papers, and effects, by searching Plaintiff's home and vehicle without probable cause and/or without a warrant, in violation of his rights under the Fourth Amendment of the Constitution of the United States as described above. Plaintiff was damaged as alleged above.

**FOURTH CAUSE OF ACTION FOR EXCESSIVE FORCE**
(Against Defendants Art Bandari and David Carpenter, DOES 1-10)

31.     Plaintiff incorporates paragraphs 1 through 30, into this cause of action, as if fully set forth.

33.     Defendants believed to be Art Bandari and David Carpenter and DOES 1-10, unlawfully violated Plaintiff's right to be free from excessive force by causing him pain and injury to his already injured wrists (detached tendons in wrists) when placing the handcuffs on Plaintiff in a manner which aggravated Plaintiff's condition causing pain as described above.

//

//

//

//

8

## FIFTH CAUSE OF ACTION FOR BATTERY
(Against Defendants Art Bandari and David Carpenter, County of San Bernardino, DOES 1-10)

34. Plaintiffs incorporate paragraphs 1 through 33, into this cause of action, as if fully set forth.

35.     As described above, Defendants Art Bandari and David Carpenter, by handcuffing Plaintiff as described above, without Plaintiff's consent, injured Plaintiff. As a direct and legal result of the foregoing, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, Plaintiff great physical, mental, and emotional pain and suffering, special damages, and loss of income, all to his general damage in a sum which will be proven at trial. The individual Defendants are liable pursuant to California Government Code section 820(a), and Defendant County of San Bernardino is liable for the acts of its employees for false imprisonment pursuant to California Government Code Section 815.2(a).

36. Punitive Damages: As to all causes of actions, the actions described above by the individual Defendants (but not Defendant County of San Bernardino) was willful, wanton malicious and oppressive for the reasons stated above.  These actions therefore justify the awarding of punitive damages.

Plaintiff prays for judgment against each Defendant as follows:

1.     For compensatory damages, in an amount to be determined according to

1   proof at trial;

2

3        2.     For reasonable attorney's fees, pursuant to 42 U.S.C. Section 1988;

4        3.     Against the individual Defendants only, and not Defendants County of

5   San Bernardino, for punitive damages in an amount to be determined at trial;

6

7        4.     For costs of suit incurred in this action; and

8        5.     For such other and further relief as the Court deems proper.

9

10   Dated: May 1, 2018                  Respectfully submitted

11

12                       By:  

13                           Michael Reiter

                                Attorney for Plaintiff Robert Roman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff, Robert Roman, hereby demands a jury trial.

Dated: May 1, 2018

Respectfully submitted,

By: _____
Michael Reiter
Attorney for Plaintiff, Robert Roman

11